

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT HOLZER, individually and on )
behalf of all others similarly )
situated,, )
)
)
Plaintiff, )     No. 06 C 1670
)
)
v. )
)
)
PRUDENTIAL EQUITY GROUP LLC f/k/a )
Prudential Securities, Inc.; JUDY )
VANCE, Director of Human Resources )
for Prudential Securities, Inc. and )
the Plan Administrator of the )
Prudential Securities, Inc. )
MasterShare Plan; and THE PRUDENTIAL )
SECURITIES, INC. MASTERSHARE PLAN )
c/o Judy Vance, Plan Administrator, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Before me is a motion brought under FED. R. CIV. P. 12(b)(6) by

defendants Prudential Equity Group, LLC ("Prudential Equity"), Judy

Vance, and the Prudential Securities Incorporated MasterShare Plan

("the Plan") (collectively "Prudential") to dismiss the putative

class action complaint brought against them by plaintiff Scott

Holzer ("Holzer"). Holzer alleges that Prudential Equity, his

former employer, offered him the opportunity to participate in the

Plan. He further alleges that the Plan allowed employees,

including him, to contribute a portion of their wages, matched by

Prudential Equity, to the Plan. After Holzer voluntarily left his

employment with Prudential Equity he allegedly applied to receive

his "retirement benefits", but his application was denied because

under the express terms of the Plan his benefits were forfeited upon termination. Holzer brings three claims against defendants, each of which is dependent upon the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. 93-406, 29 U.S.C.A. § 1001 et seq (2006), alleging that defendants (1) violated 29 U.S.C.A. § 1053(a)(1) by not meeting the minimum vesting rules under ERISA, (2) violated 29 U.S.C.A. § 1103 by holding the Plan contributions for three months before placing them in the fund, and (3) breached their fiduciary duty to Plan participants. Defendants have filed a motion to dismiss contending that no set of facts will support Holzer's claims because the Plan is not subject to the requirements of ERISA, and that even if the Plan is governed by ERISA, Holzer is estopped from bringing his claims. For the reasons set forth below, I deny defendants' motion.[1]

I.

In assessing defendant's motion to dismiss, I must accept all well-pled facts in Holzer's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if Holzer can

---

[1]Defendants have requested oral argument but I find that this is unnecessary to resolve their motion.

prove no set of facts to support his claim. *See First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

Normally, my review of a motion to dismiss is limited to the pleadings on file, so I must exclude from my analysis any factual assertions either party has made in their filings related to the motion to dismiss. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). Included with defendants' motion to dismiss is an affidavit from counsel for the defendants authenticating and attaching documents purporting to be a copy of the Plan, a copy of a supplement to the Plan ("the Supplement"), a memorandum to employees explaining the Supplement, and copies of "Representations, Warranties, And Acknowledgments" forms signed by Holzer at various times.[2] When considering documents outside of the complaint, a judge normally must convert a defendant's Rule 12(b)(6) motion to a motion for summary judgment under FED. R. CIV. P. 56. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his]

---

[2]Holzer also objects that defendants have attached a transcript of an oral opinion given by a federal judge in ruling on a motion for summary judgment in another case concerning the Plan, *Marsh v. Prudential Sec., Inc.*, Civ. No. 01-4940, Transcript of Proceedings (D. N.J. May 2, 2002). However, because this is not offered as evidence but rather as relevant legal authority on the legal issues defendants raise in their motion to dismiss, Holzer's objection is without merit.

claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

Here, Holzer does not contest that the Plan and the Supplement are central to his claims or that they can be considered for purposes of defendants' motion to dismiss. Holzer does argue, however, that the "Representations, Warranties, And Acknowledgments" forms are not central to his complaint and should not be considered. However, I agree with defendants that these documents can be considered without converting defendants' motion into a motion for summary judgement. These forms appear to form part of the agreement between Holzer and defendants concerning the Plan, and Holzer does not contest that this is not the case. Therefore, I will consider the Plan, the Supplement and the "Representations, Warranties, And Acknowledgments" forms in ruling on defendants' motion to dismiss.[3]

## II.

In ruling on defendants' motion to dismiss, the first question is whether the Plan is governed by ERISA. If the Plan is not governed by ERISA then defendants are correct that Holzer has not stated a claim on which relief can be granted. If, however, the

---

[3]Neither side makes specific arguments about why I should consider the memorandum defendants attached discussing the Supplement. However, I will not consider this memorandum because it is not central to Holzer's claims (and is irrelevant to those claims anyway).

4

Plan is governed by ERISA, then I must consider defendants' contention that Holzer is estopped from bringing his claims.[4]

ERISA governs "employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C.A. § 1002(3); *see also Inter-Modal Rail Employees Ass'n v. Atchison, Topeka and Santa Fe Ry.*, 520 U.S. 510, 514 (1997). Here, the parties agree that if the Plan is governed by ERISA, it is as an "employee pension benefit plan." ERISA defines an employee pension benefit plan as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-
>
> > (I) provides retirement income to employees, or
> >
> > (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
>
> regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C.A. § 1002(2)(A).

---

[4]Defendants also argue that the complaint is unclear about the basis for federal jurisdiction for plaintiff's claims. Holzer specifically alleges jurisdiction under ERISA, however, and clarifies in his response that he is asserting federal question jurisdiction under 28 U.S.C.A. § 1331.

The parties do not dispute that, under the terms of the Plan, it is possible that employees will have income deferred to them beyond their retirement or termination of employment with Prudential Equity. Section I of the Plan states that the Plan allows participants to deduct "pre-tax Eligible Earnings" to invest in shares of the "Prudential Stock Index Fund" at a twenty-five percent discount.[5]   At three-month intervals (the "Deferral Period"), these amounts are credited to a "Deferral Account" for the participant.   At the end of a Deferral Period, the participant's shares are then deposited into the participant's securities account.   These shares are not transferrable and are subject to forfeiture until three years from the purchase date (the "Restricted Period").   At the end of the Restricted Period, the shares can be distributed to the participant without restriction.

Section IX of the Plan sets forth what occurs if a Plan participant is no longer employed by a Prudential entity at the conclusion of a Restricted Period.   If an employee was terminated for cause or voluntarily terminated her employment, then any amounts then credited to her Deferral Account are forfeited.   If an employee was involuntarily terminated on a not-for-cause basis and does not engage in "Detrimental Activity" during the Restricted

_____

[5]It is not clear whether this discount is what Holzer refers to in his complaint as the contribution that Prudential Equity made to his account, or if Prudential Equity contributed other funds as well.

6

Period, then at the conclusion of the Restricted Period the balance of the employee's account is distributed to her. If an employee retired during the Restricted Period and did not engage in "Detrimental Activity" during the Restricted Period, then at the conclusion of the Restricted Period the balance of the employee's account is also to be distributed to her.

Holzer argues that because it is possible under the Plan for employees to receive a distribution of their shares after they have retired, the Plan fits the definition of an employee pension benefit plan covered by ERISA. Defendants contend that the structure of the Plan is to provide deferred income to "incentivize continued employment" and that the "trigger" for the distribution of income is the passage of time, not retirement or other termination of employment. Defendants analogize to federal regulations and the significant body of case law finding that corporate bonus programs that only incidentally provide payment after an employee has retired are not pension benefit plans. *See* 29 C.F.R. § 2510.3-2(c) (2006) (bonus programs are not subject to ERISA unless such payments are "systematically deferred to the termination of covered employment or beyond, or so as to provide retirement income to employees"); *Mullett v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. Civ. A. 01-CV-2118, 2002 WL 32298599, at *3-*4 (E.D. Pa. Feb. 26, 2002) (collecting cases and determining the bonus program at issue is not covered by ERISA);

7

*Kaelin v. Tenneco, Inc.*, 28 F. Supp.2d 478, 486 (N.D. Ill. 1998) (same).

However, the Plan here is not a bonus plan; shares are not granted to certain employees as performance rewards, but rather everyone within certain classes of employees is allowed (and as Holzer alleges, encouraged) to participate. Defendants contend that the "systematic deferral" reasoning in bonus plan cases should be applied to non-bonus plans such as the Plan here, and cites the summary judgment opinion in *Marsh v. Prudential Sec., Inc.*, Civ. A. No. 01-4940 (D. N.J. May 2, 2002). In that opinion, the court cited the body of case law concerning bonus plans and determined that the MasterShare agreement was not covered by ERISA because "[t]he intent of MasterShare clearly was to award certain employees and retain their services, not systematically to defer payments from retirement." *Id.* at 80. The court further held that "[a]ny incidental payments that would be made after retirement, I find are inconsequential and the MasterShare plan is not governed by [ERISA]." *Id. Marsh* is not dispositive in this circuit, however, and that opinion was also a decision on a motion for summary judgment, not on a motion to dismiss as defendants seek here. Other than *Marsh* I have found no other cases that apply the rules concerning bonus plans to non-bonus plans.[6]

---

[6]Defendants also refer to *Hamilton v. Bohn Heat Transfer Co.*, No. 91 C 5170, 1992 WL 56688 (N.D. Ill. Feb. 14, 1992) in which the court denied defendant's motion for judgment on the pleadings,

Defendants also cite a series of Department of Labor (the "Department") opinion letters that they contend indicate the Department's view that a deferral of income for a small period of time even after retirement does not render a plan subject to ERISA. Two of the four letters explicitly concern bonus programs, *see* Dep't of Labor Op. No. 98-02A (Mar. 6, 1998) ("Key Employee Incentive Plan"), Dep't of Labor Op. No. 89-07A (Ap. 27, 1989) ("Incentive Bonus Plan"), while a third concerns a savings program for foreign workers which is inapplicable to the Plan at issue here. *See* Dep't of Labor Op. No. 84-12A (Feb. 23, 1984). The fourth opinion concerns a compensation deferral program in which employees could defer up to six percent of their income into phantom company stock. *Id.* at *1. Employees receive distributions from that plan three years after the contribution on which the distribution is based. *Id.* The Department of Labor opined that this was not an employee pension benefit plan because it "does not condition distribution of the amount deferred upon termination of employment, retirement, or any other circumstances other than the passage of a fixed period of time." *Id.* at 2. The opinion specifically noted, however, that a plan can be an employee pension

---

finding that a specific settlement agreement signed by a single employee and its employer could be governed by ERISA because the agreement specifically agreed to provide the employee with retirement benefits. *Id.* at *5. In that case, the court rejected the defendant's attempt to characterize its settlement agreement, like bonus plan cases, as only incidentally affecting pension or retirement income. *Id.*

benefit plan "as a result of surrounding circumstances," including

if it "result[s] in provision of retirement income to employees."

Id.[7] None of these opinions, however, dispute the clear language

of ERISA that a plan can be a pension benefit plan if it defers

income until the termination of covered employment, as set forth in

29 U.S.C.A. § 1002(2)(A)(ii).

Further, although defendants argue that the purpose of the

Plan is to "incentivize continued employment" and not to provide

retirement or post-employment income, this is not clear from the

face of the Plan.  The Plan does not contain any discussion of its

express purposes or designs.  Holzer's complaint also includes

allegations that defendants promoted the MasterShare Plan to

employees to "defer large amounts of income until retirement."[8]

---

[7]These opinion letters are entitled to some deference, but not to the extent set forth in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984) (holding that a court must give effect to an agency's regulation containing a reasonable interpretation of an ambiguous statute). *See Christensen v. Harris Co.*, 529 U.S. 576, 586-87 (2000) (holding that internal agency guidelines not subject to public notice and comment are entitled only to "some deference") (quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995)).

[8]Although defendants argue that the purpose of the Plan was not to provide retirement income, they simultaneously contend that the purpose of the Plan as Holzer alleges is irrelevant.  However, other courts determining whether a particular pension benefit plan is covered by ERISA have considered what the stated purpose of the plan is. *See, e.g., Oatway v. Am. Int'l Group, Inc.*, No. Civ. A. 01-033-GMS, 2002 WL 187512, at *4 (D. Del. Feb. 5, 2002), *aff'd*, 325 F.3d 184 (3d Cir. 2003) (finding stock incentive plan not covered by ERISA because stated purpose of plan was to incentivize employees and not provide retirement income).

10

These allegations potentially create "surrounding circumstances" that should be considered in determining whether the plan provided retirement income to employees under 29 U.S.C.A. § 1002(2)(A)(I). Therefore, because Holzer has alleged facts sufficient to show that the Plan provides retirement income or results in a deferral of income beyond the term of an employee's employment, and because the exact nature of the Plan is unclear on its face, at this stage of the litigation I cannot conclude that the Plan is not covered by ERISA.[9]

### III.

Defendants also contend, however, that even if the Plan might in limited circumstances defer employee income until retirement, the Plan is not covered by ERISA, nor could Holzer contend that the Plan was represented to employees as being covered by ERISA. Defendants point to the "Representations, Warranties, And Acknowledgments" forms Holzer signed in which he acknowledged that in deciding to enter into the Plan he was "relying solely upon independent evaluations made by me and/or my legal, tax or other

---

[9]In *Holansky v. Prudential Fin.*, No. 02 C 4820, 2004 WL 1404016 (N.D. Ill. June 21, 2004), another court within this district rejected a motion to dismiss an ERISA claim brought against a previous version of the Plan. That court found that it was possible that version of the Plan was governed by ERISA, in part if Prudential had promoted the Plan as a retirement plan. *Id.* at *2. That version of the Plan was different because it potentially allowed a renewal of the deferral period for an unlimited amount of time, but importantly that court also determined that additional evidence was necessary to determine whether the Plan was covered by ERISA.

professional advisors, and am not relying upon any oral or other statement made by Prudential Securities (other than the written provisions set forth in the Plan booklet)." For some of the later periods in which he was enrolled in the Plan, the "Representations, Warranties, And Acknowledgments" forms Holzer signed included a statement that he "underst[ood] and acknowledge[d] that the Plan is not subject to ERISA." Plaintiff argues that these documents relate only to any counterclaims or affirmative defenses defendants may have and that they do not preclude me from denying defendants' motion to dismiss.

Affirmative defenses such as estoppel normally cannot form the basis of a motion to dismiss unless the plaintiff's complaint, on its face, proves all elements of the estoppel defense. *See, e.g., Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993) (internal citations omitted) (addressing affirmative defenses forming the basis for a motion to dismiss in the context of a statute of limitations defense). Here, Holzer's complaint on its face, including the MasterShare Plan and other documents defendants have properly brought before the court, does not establish all the elements of an estoppel defense. Defendants have cited no law or made any arguments to the contrary, instead generally arguing that Holzer should be estopped from asserting the

12

Plan is governed by ERISA.[10]  In addition, ERISA contains an anti-

alienation provision which provides that "[e]ach pension plan shall

provide that benefits provided under the plan may not be assigned

or alienated."  29 U.S.C.A. § 1056(d)(1).  If the Plan is governed

by ERISA, any attempt by defendants to alienate employee's rights

under ERISA would be in violation of the statute.  Neither party

has addressed this issue in their motion to dismiss, but it

demonstrates that these provisions do not foreclose a finding that

the Plan is governed by ERISA.  For these reasons, I need not

consider defendants' estoppel arguments at this time.

IV.

For the reasons stated above, defendants' motion to dismiss is

denied.

**ENTER ORDER:**

_Elaine E. Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated: September 18, 2006

---

[10]Defendants cite two Illinois cases setting forth the standard
for promissory estoppel, but it appears from the face of the Plan
that the parties agreed the Plan would be governed by the laws of
New York.

13