IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT HOLZER, individually and on behalf of all others similarly situated,,<br><br>      Plaintiff,<br><br>v.<br><br>PRUDENTIAL EQUITY GROUP LLC f/k/a Prudential Securities, Inc.; JUDY VANCE, Director of Human Resources for Prudential Securities, Inc. and the Plan Administrator of the Prudential Securities, Inc. MasterShare Plan; and THE PRUDENTIAL SECURITIES, INC. MASTERSHARE PLAN c/o Judy Vance, Plan Administrator,<br><br>      Defendants. | No. 06 C 1670 |

## MEMORANDUM OPINION AND ORDER

Before me is a motion brought under Federal Rule of Civil Procedure 12(b)(6) by plaintiff/counter-defendant Scott Holzer ("Holzer") to dismiss the counterclaim brought by defendant/counter-claimant Prudential Equity Group, LLC ("Prudential Equity"), and Holzer's motion under Federal Rule of Civil Procedure 12(f) to strike Prudential Equity, Judy Vance ("Vance"), and the Prudential Securities Incorporated MasterShare Plan's ("the Plan"), answer and affirmative defenses to Holzer's complaint. For the following reasons, I deny Holzer's motion to dismiss, and grant his motion to strike in part and deny it in part.

I.

Holzer's complaint alleges that Prudential Equity, Holzer's former employer, offered him the opportunity to participate in the Plan, to which employees could contribute a portion of their wages and receive a matching contribution from Prudential Equity. He alleges that when he voluntarily left his employment and subsequently applied to receive his "retirement benefits", his application was denied under the terms of the Plan. He alleges that defendants violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. 93-406, 29 U.S.C. § 1001 et seq. (2006), by (1) not meeting the minimum vesting rules under ERISA, (2) holding the Plan contributions for three months before placing them in the fund, and (3) breaching their fiduciary duty to Plan participants. Defendants previously filed a motion to dismiss these claims, contending that the Plan is not governed by ERISA or that Holzer is estopped from bringing his claims. On September 18, 2006, I denied defendants' motion to dismiss, concluding that the Plan might be governed by ERISA, and that estoppel did not necessarily bar Holzer's claims. See Holzer v. Prudential Equity Group LLC, 458 F. Supp. 2d 587 (N.D. Ill. 2006).

Defendants subsequently filed an answer to Holzer's complaint, and asserted several affirmative defenses in response. Prudential Equity also filed a counterclaim against Holzer. That counterclaim

alleges that when Holzer entered into the Plan, and on several occasions thereafter in agreeing to continue his participation in the Plan, he signed a "Representations, Warranties, And Acknowledgments" form. On this form he acknowledged that he understood that the Plan was not covered by ERISA and that he agreed to the terms of the Plan. Also included in that form was an indemnity clause that provided that Holzer agreed to

> indemnify and hold Prudential Securities Incorporated and its affiliates . . . harmless from any and all claims, actions, proceedings, and causes of action whatsoever, and against any other loss, liability, cost, damage, or expense that may result from the inaccuracy of any representation (including any untrue or alleged untrue statements made or any statements omitted or alleged to be omitted), or the breach or alleged breach of any warranty made herein by me, including without limitation, all expenses . . . incurred as a result of any such accuracy or representation (including any untrue or alleged untrue statements made or any statements omitted or alleged to be omitted), or breach or alleged breach of any warranty, and will reimburse Prudential Securities Incorporated . . . as they are incurred, in connection with investigating, preparing for, providing depositions for, testifying in, or defending any such action or claim, formal or informal, investigation, inquiry, or other proceeding .
> . . .

Prudential Equity alleges that Holzer's complaint demonstrates that the warranties and representations he made on the "Representations, Warranties, And Acknowledgments" forms were untrue, and therefore seeks indemnification under this provision. Holzer's motion to

dismiss argues that Prudential Equity cannot state a claim under this provision because Holzer did not agree to forego legal actionsto enforce his rights under ERISA, and also argues that ERISA preempts this counterclaim.

II.

In assessing Holzer's motion to dismiss, I must accept all well-pled facts in Prudential Equity's counterclaim as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Prudential Equity. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if Prudential Equity can prove no set of facts to support their claim. *See First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). Because Prudential Equity has attached to its counterclaim documents purporting to be copies of the "Representations, Warranties, And Acknowledgments" forms signed by Holzer at various times, I may consider those documents as well under Federal Rule of Civil Procedure 10(c).

III.

Accepting the facts in Prudential Equity's counterclaim as true, it is possible that Prudential Equity may establish a claim for indemnification against Holzer. First, Holzer argues that the indemnification clause of the "Representations, Warranties, And Acknowledgments" form cannot be read as an agreement that Holzer

4

would indemnify Prudential Equity for the cost of defending itself against his ERISA claim. Holzer contends that he did not agree to "give up any legal rights upon learning that some of the plan terms were illegal."

The Plan contains a choice-of-law provision stating that it shall be governed by the laws of the State of New York, and the parties agree that New York substantive law applies.[1] Under New York law, when interpreting an indemnification provision such as the one contained in the Plan, I must interpret the Plan to achieve the apparent purpose of the parties. *See Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491, 548 N.E.2d 903, 905 (1989). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Id.* (internal citations omitted). I should not infer an agreement to indemnify unless "it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances." *Id.* at 492, 548 N.E.2d at 905 (internal citation omitted). Where the language of a contract is

---

[1]This analysis presumes, taking the facts in the light most favorable to Prudential Equity, that the facts and relevant circumstances are such that the Plan is not governed by ERISA. Although this issue is not raised by either party, if the Plan is governed by ERISA then federal common law would apply to interpret the provisions of the Plan. *Hammond v. Fid. and Guar. Life Ins. Co.*, 965 F.2d 428, 429-30 (7th Cir. 1992). In addition, as discussed below, if the Plan is governed by ERISA then defendants' counterclaim is likely preempted.

unambiguous, I must interpret it based solely on the wording of the contract. *R/S Assocs. v. New York Job Dev. Auth.*, 98 N.Y.2d 29, 32, 771 N.E.2d 240, 242 (2002) (internal citations omitted). The interpretation of an unambiguous contract is a question of law. *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569, 780 N.E.2d 166, 171 (2002).

Here, the indemnification provision at issue clearly states that Holzer agreed to indemnify Prudential Securities, Inc. (another name for Prudential Equity) for any expenses it incurred as a result of any inaccurate representations or breaches of any warranties Holzer made on the "Representations, Warranties, And Acknowledgments" form. This language is unambiguous. Prudential Equity alleges that Holzer misrepresented to Prudential that he understood that the Plan was not governed by ERISA and that he agreed to the terms of the Plan. Although Holzer argues that he could not have intended to indemnify Prudential Equity for litigation that might result if he determined that the Plan contained terms that were illegal,[2] the language of the Plan does not contain an exception for that possibility, and so this is not a basis on which to dismiss Prudential Equity's claim.

---

[2] Holzer has provided no legal support for the argument that, if I find that the Plan is not governed by ERISA, he nevertheless could not have agreed to such an indemnification provision.

Holzer also contends that this counterclaim is preempted by ERISA because it is "related to" an ERISA plan and therefore cannot be resolved without the interpretation of a contract governed by ERISA. *See Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995) ("[C]omplete preemption is required where a state law claim cannot be resolved without an interpretation of the contract governed by federal law."). However, this argument presumes that the Plan is governed by ERISA, and as I held in ruling on defendants' motion to dismiss, I cannot yet determine whether the Plan is governed by ERISA. *See Holzer*, 458 F. Supp. 2d at 593. Holzer responds that even if the Plan is not governed by ERISA, this court would lack subject matter jurisdiction over the counterclaim because it is not a federal question and because, with the original cause of action dismissed, the court would lack supplemental jurisdiction.[3] Prudential Equity concedes that if I determine that the Plan is not governed by ERISA and dismiss Holzer's claims, then Prudential Equity's counterclaim will "need to be continued in another forum." When a court determines that it lacks subject matter jurisdiction,

---

[3]Prudential Equity contends that, at least while Holzer's original claim is before this court, the court has subject matter jurisdiction because its counterclaim is compulsory under Federal Rule of Civil Procedure 13(a). The counterclaim itself asserts both supplemental jurisdiction and jurisdiction under Rule 13(a). Holzer does not dispute this, and has not filed a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction.

7

it normally must also dismiss claims over which it only exercised supplemental jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, -, 126 S. Ct. 1235, 1237 (2006). However, it is within the district court's discretion to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims, on non-jurisdictional grounds, over which it had original jurisdiction. *Id.*; *see also* 28 U.S.C. § 1367(c)(3).

In this case, were I to determine that the Plan is not covered by ERISA, I would be determining that Holzer has no causes of action under ERISA concerning the Plan. This would not be a determination that I lack subject matter jurisdiction over Holzer's claims, but rather a determination that Holzer's claims lack merit. This may be a distinction without a difference, since it is the normal practice in this circuit to dismiss any state law claims without prejudice when all federal claims have been dismissed prior to trial. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that a district court that chooses to retain jurisdiction over state law claims in such a case should state explicitly its reasons for taking the opposite course). However, if Prudential Equity nevertheless wishes to pursue its counterclaim knowing the strong likelihood that I will either find it preempted by ERISA or will dismiss it for lack of subject matter jurisdiction, that is Prudential Equity's decision. For these

it normally must also dismiss claims over which it only exercised supplemental jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, -, 126 S. Ct. 1235, 1237 (2006). However, it is within the district court's discretion to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims, on non-jurisdictional grounds, over which it had original jurisdiction. *Id.*; *see also* 28 U.S.C. § 1367(c)(3).

In this case, were I to determine that the Plan is not covered by ERISA, I would be determining that Holzer has no causes of action under ERISA concerning the Plan. This would not be a determination that I lack subject matter jurisdiction over Holzer's claims, but rather a determination that Holzer's claims lack merit. This may be a distinction without a difference, since it is the normal practice in this circuit to dismiss any state law claims without prejudice when all federal claims have been dismissed prior to trial. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that a district court that chooses to retain jurisdiction over state law claims in such a case should state explicitly its reasons for taking the opposite course). However, if Prudential Equity nevertheless wishes to pursue its counterclaim knowing the strong likelihood that I will either find it preempted by ERISA or will dismiss it for lack of subject matter jurisdiction, that is Prudential Equity's decision. For these

reasons, it would be premature to dismiss Prudential Equity's counterclaim at this time, and I deny Holzer's motion to dismiss.

IV.

Holzer has also brought a motion to strike defendants' answer and defenses to his complaint. Holzer argues that defendants' answer fails to admit or deny several allegations and that defendants' affirmative defenses fail to make a "short and plain statement" of the defense, assert defenses upon which I have already ruled, or raise defenses that are otherwise waived or are not true defenses.

Under Federal Rule of Civil Procedure 12(f), the court may, upon its own motion or upon a motion by a party, strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions under Rule 12(f) are generally disfavored, although they may be granted if they remove unnecessary clutter from the case and serve to expedite, not delay. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Courts generally do not grant motions to strike unless the defect in the pleading causes some prejudice to the party bringing the motion. *See Affiliated Capital Corp. v. Buck*, No. 94 C 1497, 1994 WL 691189, at *4 (N.D. Ill. Dec. 2, 1994).

A.  Defendants' Answer

Holzer contends that many of defendants' answers to individual paragraphs of his complaint are insufficient because they fail to admit or deny allegations and fail to answer any of the complaint's legal allegations. I have reviewed defendants' answer and conclude that it generally provides an adequate admission or denial of Holzer's allegations. The exception is in certain paragraphs of defendants' answer in which defendants contend that they need not answer because the paragraph asserts a legal conclusion. As Judge Shadur in this district has repeatedly noted, Federal Rule of Civil Procedure 8 requires a party to "admit or deny the averments upon which the adverse party relies" and nowhere can this court find an exception to that rule for supposed "legal conclusion." *See, e.g., State Farm Mut. Auto. Ins. Co.*, 199 F.R.D. 276, 278 (N.D. Ill. 2001). The paragraphs in which defendants assert, at least in part, that the allegation contains a legal conclusion are 22-25, 27-33, and 35-41. However, in the majority of these paragraphs defendants provide a general denial and then assert that the paragraph provides a legal conclusion; it is only in response to paragraphs 27-29, 31, and 35-36 that defendants' sole answer is to assert that they need not answer because the paragraph contains a legal conclusion. With the exception of paragraph 35, each of these paragraphs contains a statement, in Holzer's view, of the requirements of ERISA, and does not connect those requirements to

any factual allegation concerning the defendants. Even in the case of paragraph 35 it is clear that, regardless of what ERISA requires, defendants deny the applicability of ERISA requirements to the Plan. For this reason, striking defendants' answers would serve no purpose in this case other than to delay, so I decline to strike them.

B. Affirmative Defenses

Holzer also contends that several of defendants' affirmative defenses are improper. Affirmative defenses must comply with the pleading rules of Federal Rule of Civil Procedure 8, and must contain a short and plain statement upon which relief may be granted. See *Heller Fin., Inc.*, 883 F.2d at 1294. It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint. *Instituto Nacional de Comercializacion Agricola (INDECA) v. Cont'l Illinois Nat'l Bank and Trust Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983).[4]

Holzer further argues that defendants have waived their second affirmative defense. Defendants' second defense is that Holzer's choice of venue is improper. This defense raises a basis for

---

[4] In defendants' response to Holzer's motion to strike they voluntarily withdraw their fourth, sixth and fourteenth affirmative defenses, so I need not consider Holzer's arguments concerning these defenses.

dismissal that, under Federal Rule of Civil Procedure 12, was waived when defendants did not assert it in filing their Rule 12(b)(6) motion to dismiss. See Fed. R. Civ. P. 12(g). Therefore, I will strike this defense since doing so makes clear that defendants have waived it.

Several of defendants' other defenses are substantive in nature and relate to defendants' argument that the Plan is not governed by ERISA. Defendants' first defense is that this court lacks subject matter jurisdiction over this action.[5] Defendant's seventh defense is that the Plan is not a legal entity that can be a defendant in a legal proceeding. Defendants' eighth defense is that ERISA does not govern the Plan. Defendants' ninth defense is that the express language of the Plan required Holzer to forfeit his shares in the Plan when he quit his employment. Defendants' twelfth defense is that neither Vance nor Prudential Equity are fiduciaries under the Plan, and that neither breached a fiduciary duty. These defenses are all part and parcel of defendants' contention, as reflected in their answer to Holzer's complaint, that the Plan is not governed by ERISA. These affirmative defenses

---

[5]Although on its face this defense is not substantive, it pertains to defendants' contention that the Plan at issue is not governed by ERISA. Regardless of whether defendants may assert this as an affirmative defense, objections to subject matter jurisdiction may never be forfeited or waived. *Arbaugh*, 126 S. Ct. at 1244. As discussed above, were I to determine that the Plan is not governed by ERISA, dismissal would not be for lack of subject matter jurisdiction, but because Holzer's claims have no merit.

serve no purpose other than to cloud the actual dispute in this case and are therefore stricken.⁶

Defendants' third affirmative defense is that Holzer's choice of forum is inconvenient. However, a *forum non conveniens* argument is not an affirmative defense. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 454 (1994) (distinguishing between affirmative defenses and *forum non conveniens* because *forum non conveniens* "does not bear upon the substantive right to recover"). For this reason, I will strike this affirmative defense, although defendants are still free to file a motion to transfer the case under 28 U.S.C. § 1404(a).

Holzer also presents arguments about why other of defendants' affirmative defenses should be stricken, but they are without merit. None of the remaining asserted affirmative defenses, regardless of their merit, confuse the issues or are improperly pled. Defendants' tenth and eleventh defenses are both estoppel defenses.⁷ Although it is true, as Holzer argues, that a

---

⁶Holzer argues that defendants' fifth defense falls into this category as well. Defendants' fifth defense is that Vance and the Plan are not proper defendants. While this appears to relate to Vance's alleged status as the administrator for the Plan, and defendant's ongoing contention that the Plan is not governed by ERISA, it is not clear on what basis this defense is asserted. Given that defendants may be asserting a legitimate affirmative defense at least for Vance, I will not strike this affirmative defense.

⁷Holzer contends that defendants' tenth affirmative defense asserts the parol evidence rule, but defendants do not specifically assert that rule and this is just one reading of that defense.

13

determination that the Plan is governed by ERISA might foreclose these claims, this is an issue has yet to be resolved. Defendants' thirteenth affirmative defense contends that Holzer cannot establish the requirements to assert his claims as a class action, at least in part because he cannot satisfy the typicality requirement of Federal Rule of Civil Procedure 23 since he bases his claims on oral statements made only to him. While this appears to address the allegations in Holzer's complaint, it raises an additional specific argument why Holzer may not receive at least part of the relief he seeks, namely relief on a class-wide basis. For these reasons, I will not strike these affirmative defenses.

V.

For the reasons stated above, Holzer's motion to dismiss Prudential Equity's counterclaim is denied. I also grant in part and deny in part Holzer's motion to strike defendants' answer and affirmative defenses, and strike defendants' first, second, third, seventh, eighth, ninth and twelfth affirmative defenses.

**ENTER ORDER:**

*[signature]*

---

**Elaine E. Bucklo**
United States District Judge

Dated: January 31, 2007